UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SCHOENHERR,

        Plaintiff,

vs.

        Case No.12-cv-14276
        HON. GERSHWIN A. DRAIN

PAUL SMITH
Clay Township Officer, *et al.*

        Defendants.

_____/

ORDER DENYING DEFENDANTS' MOTION TO COMPEL PLAINTIFF AND HIS WIFE
TO APPEAR IN PERSON AT PLAINTIFF'S COUNSEL'S OFFICE
FOR THEIR DEPOSITIONS AND ORDER
DENYING COSTS PURSUANT TO FED. R. CIV. P. 37  [#22]

I. INTRODUCTION

On September 26, 2012, Plaintiff filed the instant § 1983 claim alleging violations of: Fourth Amendment -Illegal search and seizure (Count I), Assault and Battery (Count II), and Trespassing (Count III). On or about June 17, 2011, Plaintiff called the police to make a complaint on account of smoke entering his home because of a neighbor's bonfire. When police arrived, they asked Plaintiff if they could enter his home, and Plaintiff declined. The police then went to the neighbor's home to investigate the complaint. Shortly thereafter, the police allegedly returned to Plaintiff's home and pushed their way into the premises to

detain him.

The police allegedly forced Plaintiff to the ground, face-first, and handcuffed him. Plaintiff complained numerous times that he had a heart condition and that the handcuffs were too tight. Police called an ambulance after Plaintiff complained of chest pains and that he was having trouble breathing. Plaintiff contends that once he was taken away in an ambulance, when he returned home, the officers appeared to have conducted an illegal search of his home.

Plaintiff maintains he has suffered severe and permanent injuries to his shoulders and collarbone, shock, emotional damage, and economic harm, as a result of the police officers' actions.

Presently before the Court is Defendants' Motion to compel Plaintiff and his wife to appear in person at Plaintiff's attorney's office for their depositions, filed on April 10, 2013. This matter has been fully briefed, and the Court concludes that oral argument will not aid in the resolution of this matter.  Accordingly, the Court  canceled the hearing scheduled for May 15, 2013, and will resolve the pending Motion on the briefs.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow Defendants' Motion is **DENIED**.


II. BACKGROUND

On March 14, 2013, Plaintiff received notice for an April 30, 2013, deposition that was to take place at Plaintiff's attorney's office.  Subsequent to receiving the deposition notice, Plaintiff contacted Defendants requesting to appear for the deposition via videoconference. Plaintiff, who now resides in California, stated that he made the request because he is currently treating for a heart condition and because travel to Michigan for a

deposition would pose a financial burden.

Furthermore, Plaintiff also argues that Defendants' motion to compel his wife – a non-party witness – to travel to Michigan to be deposed is prohibited by FED. R. CIV. P. 45(c)(3)(A)(ii).

Defendants argue that Plaintiff chose the forum to file this case, and it is reasonable to expect him to appear. Also, Defendants maintain that they have a "right to gauge Plaintiff's credibility, demeanor, and mannerisms for themselves[,]" and that "Defendants do not believe that such factors can be properly evaluated by way of a remote videoconference." See Defs. Mot. Dkt. No. 22, ¶5.

Moreover, Defendants contend that because Plaintiff's wife was an eyewitness to the events in question, spoke with the police following the arrest, and may have a pecuniary interest in the case, "they are entitled to take her deposition in person." The Court disagrees with Defendants.

### III. LAW & ANALYSIS

### A. Standard of Review

FED. R. CIV. P. 30(b)(4) provides that "[t]he parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means." The location of a deposition is initially selected by the party noticing the deposition. FED. R. CIV. P. 30(b)(1). In the event of a dispute between the parties as to the location of a deposition, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place, for the disclosure of discovery." FED. R. CIV. P. 26(c)(1)(B).

B. Motion to Compel Plaintiff's Desposition Situs

The Court believes that videoconferencing falls into the category of "other remote means." *See* FED. R. CIV. P. 30(b)(1). Unlike the disadvantages that Defendant proposes and those of telephonic depositions, where a deponent's mannerisms and demeanor cannot be observed, videoconferencing addresses these shortfalls. *See Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602 (D. Kan. 2012).  In *Gee v. Suntrust Mortgage*, 2011 U.S. Dist. LEXIS 131935, Case No. 10-cv-01509, at *2 (N.D. Cal. Nov. 15, 2011), the Northern District of California court promoted the use of depositions via videoconference. The court noted that "[p]arties routinely conduct depositions via videoconference, and courts encourage the same because doing so minimizes travel costs. . . ." *See Gee*, 2011 U.S. Dist. LEXIS 131935, at *2.

Defendants cite several authorities as support for their opposition to the deposition being taken via videoconference. As noted by Plaintiff, the majority of Defendants' authorities refer to corporate litigants and/or their employees. *See* Resp., Dkt. No. 23, pg. 8; *see also, Sonitrol Dist. Corp. v. Security Controls, Inc.*, 113 F.R.D. (E.D. Mich. 1986) and *El Camino Resources Ltd. v. The Huntington National Bank*, 2008 U.S. Dist. LEXIS 52688, Case No. 1:07-cv-598 (W.D. Mich. June 20, 2008).  These cases are distinguishable from the case at bar because Plaintiff is not a corporate litigant or an employee and he has stated financial hardship and a medical condition as "good cause" support for his request to have the deposition taken remotely.

Defendants also point to the Southern District of New York case, *Clem v. Allied Van Lines Int. Corp.*, 102 F.R.D. 938 (S.D.N.Y. 1984), where the court declined to allow a plaintiff to be deposed telephonically. The *Shockey* court effectively distinguishes

telephonic and videoconference depositions; it notes, the "disadvantages of telephonic depositions, however, do not apply at all, or to the same degree, when the depositions are to be taken via videoconference. Taking the depositions via videoconference. . .addresses Defendant[s'] objection that the deponent's nonverbal responses and demeanor cannot be observed." *Shockey*, 280 F.R.D at 602.

Because the Plaintiff has met the "good cause" requirement pursuant to FED. R. CIV. P. 26(c)(1)(B), the Court orders that the requested deposition will take place via videoconference.

### C. Motion to Compel Plaintiff's Wife's Deposition in Michigan

FED. R. CIV. P. 45(c)(3)(A)(ii) provides:

> (A) On timely motion, the issuing court must quash or modify a subpoena that:
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person. . . .

As Plaintiff previously stated, his wife is a non-party to this case. A non-party can be subject to a subpoena for deposition testimony in accordance with FED. R. CIV. P. 30 (a)(1). Defendants would have to issue a subpoena pursuant to FED. R. CIV. P. 45 before deposition testimony may be procured from Plaintiff's wife, a non-party witness.

In the event that Defendants request the aforementioned subpoena, Rule 45 provides a territorial limitation on this Court's ability to subpoena a party or non-party to travel more than "100 miles from where that person resides, is employed, or regularly transacts business." FED. R. CIV. P. 45(c)(3)(A)(ii). It appears that Plaintiff's wife resides with him in California, which is far beyond this Court's territorial reach to subpoena her

physical testimony in Michigan; therefore, Defendants' motion to compel Plaintiff's wife to be deposed in Michigan is **DENIED**.

It would appear that because of Defendants' inability to compel Plaintiff's wife to testify in Michigan, it would be beneficial for Defendants to utilize videoconferencing to obtain said deposition.

**IT IS THEREFORE ORDERED** that Defendants' Motion to compel Plaintiff and his wife to appear in person at Plaintiff's Counsel's office for their depositions **[#22]** is **DENIED**.

**IT IS FURTHER ORDERED** that the parties will conduct Plaintiff's deposition via videoconference.

**IT IS FURTHER ORDERED** that Defendants' request for attorney's fees and Plaintiff's request for sanctions and costs are **DENIED**.

SO ORDERED.

Dated:  May 21, 2013

               S/Gershwin A. Drain
               GERSHWIN A. DRAIN
               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on

May 21, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston

Deputy Clerk